On the Merits.
Morgan, J.
Plaintiff obtained judgment against the defendant for $175. Upon this judgment he issued execution and caused the sheriff to seize the assets of the firin of J. S. Simonds & Co., of which firm the defendant was a partner. Alleging, in a supplemental petition, that by ■ *445 this seizure the firm of Simonds & Co. was dissolved, and that a liquidation and settlement thereof was necessary in order to ascertain the share coming to the defendant, he prayed that the firm be ordered to show cause why a receiver should not be appointed to liquidate the affairs of the firm, to the end that out of what remained from the liquidation, his demand might be paid.
Before the rule was disposed of, J. S. Simonds died. His administratrix was made a party thereto. The rule was made absolute. The administratrix appealed.
We do not understand that the seizure under execution'of the interest of a defendant in partnership property, operates a dissolution of the partnership, and we understand that a receiver will only be appointed to a partnership after its dissolution, or at the instance of a partner where the acts of his copartner are of such a character as would justify him in asking for a dissolution of the partnership.
The plaintiff in execution against a defendant who is a member of a partnership has the undoubted right to seize and to sell under his writ the interest of the owing partner in the partnership property. But his rights stop there. His execution neither dissolves the partnership, nor does it authorize the appointment of a receiver with power to liquidate the partnership affairs.
The only question before us is whether, in the case stated, .the court is authorized to appoint a receiver. We think not.
It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the rule for the appointment of a receiver be dismissed, plaintiffs to pay costs..
Rehearing refused.